COURT OF APPEALS OF VIRGINIA

Present: Judges Bray, Annunziata and Overton

ROGER FRANKLIN FORREST

v. Record No. 1091-95-1                          MEMORANDUM OPINION[*]
                                                    PER CURIAM
BALL METAL CONTAINER GROUP                        OCTOBER 24, 1995

            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                 (Richard B. Donaldson, Jr.; Kevin W. Grierson; Jones,
                 Blechman, Woltz & Kelly, on brief), for appellant.

                 (John M. Oakey, Jr.; Jill M. Misage; McGuire, Woods,
                 Battle & Boothe, on brief), for appellee.


     Roger Franklin Forrest contends that the Workers'

Compensation Commission erred in finding that Ball Container

Group ("employer") offered suitable selective employment to him,

which he unjustifiably refused. Upon reviewing the record and

the briefs of the parties, we conclude that this appeal is

without merit. Accordingly, we summarily affirm the commission's

decision. Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below. R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "To

support a finding of refusal of selective employment 'the record

must disclose (1) a bona fide job offer suitable to the

employee's capacity; (2) [a job offer that was] procured for the

employee by the employer; and (3) an unjustified refusal by the

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

employee to accept the job.'" James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 489 (1989)(quoting Ellerson v. W.O. Grubb Steel Erection Co., 1 Va. App. 97, 98, 335 S.E.2d 379, 380 (1985)). The commission's factual findings will be upheld on appeal if supported by credible evidence. James, 8 Va. App. at 515, 382 S.E.2d at 488.

In granting employer's application, the commission found that Joint Exhibit 1, the videotape, accurately depicted the claimant's pre-injury palletizer operator job as it existed when offered to claimant by employer. As fact finder, the commission was entitled to reject claimant's testimony disputing the accuracy of the videotape and his assertion that the requirements of the job fell outside of the lifting, bending, and twisting restrictions placed upon him by Dr. Mark A. Rubenstein. The commission was also entitled to accept the testimony of employer's witnesses who stated that claimant did not voice any complaints concerning his physical condition while performing the job.

Dr. Rubenstein released claimant to return to work on the basis of the videotape. In addition, Dr. Rubenstein reviewed claimant's notes reflecting his actual experience upon returning to the job in late March 1994 for a four-day period. Dr. Rubenstein did not find any objective evidence from which to conclude that claimant's return to the job adversely affected his physical condition in any manner.

2

The videotape and Dr. Rubenstein's opinions constitute credible evidence to support the commission's holding that, by leaving his position with employer, claimant unjustifiably refused selective employment. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

Accordingly, we affirm the commission's decision.

Affirmed.